IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**GARY LYNN CONLEY, SR.**                                                        **PLAINTIFF**

**V.**                     **CASE NO. 4:18-CV-710-KGB-BD**

**Z. LEMONS and**
**DOC HOLLADAY**                                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Mr. Conley may file written objections to this Recommendation if he wishes. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Conley may waive the right to appeal questions of fact.

**II.**   **Discussion:**

Gary Lynn Conley, Sr., an inmate at the Pulaski County Regional Detention Facility, filed this civil lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, Mr. Conley alleges that Defendant Lemons threatened him physically and sexually by stating "how he should harm me while in shackles."

As the Court explained in its November 2 Order (#7), the allegations here, that Defendant Lemons threatened to harm Mr. Conley, are too general to state a federal claim for relief. For that reason, the Court gave Mr. Conley 30 days to file an amended complaint with more specific facts about Defendant Lemons's alleged misconduct.[1]

The Court allowed Mr. Conley thirty days to file his amended complaint and specifically cautioned him that his failure to amend his complaint could result in the dismissal of his claims. Local Rule 5.5. (#7) To date, Mr. Conley has not filed an amended complaint, and the time for doing so has passed.

### III.   Conclusion:

The Court recommends that Mr. Conley's claims be DISMISSED, without prejudice, based on his failure to comply with the Court's November 2, 2018 Order, and his failure to prosecute this lawsuit.

DATED, this 6th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Generally, verbal threats do not rise to a constitutional level. See *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985)("Verbal threats do not constitute a constitutional violation"). Similarly, taunts, name-calling, and offensive language do not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); and *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).